FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 30 AM 9: 08

CLERK _____
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

**DARRELL WILLIAMS,**

    **Petitioner,**

v.           604CV088

**HUGH SMITH, et al.,**

    **Respondents.**

**ORDER**

Darrell Williams appealed (directly to the Eleventh Circuit) the Magistrate Judge's (MJ's) Report and Recommendation (R&R) advising this Court to deny his 28 U.S.C. § 2254 petition as time-barred. Doc. ## 4, 8. He applied for a Certificate of Appealability (COA). Doc. # 9. He thus impliedly moved for leave to proceed *in forma pauperis* (IFP) on appeal. *Id.* This Court denied both, doc. # 12, and the Eleventh Circuit later dismissed the appeal as premature because petitioner appealed the R&R without first waiting for this Court's judgment. Doc. # 15.[1]

That was in 9/04. Williams took no further action until 2/07, when he F.R.Civ.P. 60(b)-moved the Court for a second bite at the appellate apple. Doc. # 16. He insisted that he had been injured and thus was too ill to appeal in 2004, but was capable now. *Id.* He cited "nerve damage and dysfunctional right writing hand" damage that "prevented/impeded petitioner from efficiently writing and competently/comprehensively thinking to

[capably] draft/write" his Rule 60(b) motion "within the established guidelines...." *Id.* at 2.

This Court noted that, because of the public interest in litigation finality, a Rule 60(b) motion cannot substitute for an appeal, *Local 322, Allied Indus. Workers of Am. v. Johnson Controls, Inc., Globe Battery Div.*, 969 F.2d 290, 292 (7th Cir. 1992), so Williams at most was moving for leave to file an out-of-time appeal. Doc. # 17. Normally, this Court reminded, one must file a notice of appeal (NOA) within 30 days after the judgment or order appealed from is entered. F.R.App. 4(a)(1)(A). *Id.* However,

> [u]nder certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

*Couloote v. V.A. Hosp.*, 2007 WL 120166 at *2 (S.D.Ga. 1/11/07) (unpublished).[2] "The

---

[1] At the time this Court presumed that the Eleventh Circuit would simply deem petitioner's Notice of Appeal filed after this Court entered its judgment adopting the R&R. *Cf.* F.R.App.P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry"). Of course, the Court had not yet announced its decision, only the MJ had announced his R&R.

[2] Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14

procedural bar to an appeal that results from the application of [F.R.App.P.] 3(a) and 4(a)(1)(A) can be overcome if the circumstances that caused the untimeliness of the notice of appeal fall within the exceptions set out in Rule 4(a)(5) or (6)." *Williams v. Crosby*, 2006 WL 3253628 at *1 (M.D.Fla. 11/8/06) (unpublished).

Williams, however, failed to meet any of those narrow exceptions. Doc. # 17 at 2. He did not deny that he received notice of the ruling from which he sought to appeal. *Id.* And he cited no "poor health" or generalized-impediment exception to the appellate rule limiting the time within which to take an appeal. *Id.* The Court therefore denied his implied motion for leave to file an untimely appeal. *Id.* at 2.

Williams has appealed that Order, doc. # 18, and now moves for leave to appeal in forma pauperis (IFP). Doc. # 19. He also applies for a Certificate of Appealability (COA). Doc. # 20. With respect to his IFP motion, Williams is

---

days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

F.R.App.P. 4(a)(6).

not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Williams's COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't. of Corr.*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007); 28 U.S.C. § 2253(c)(2).

In his COA application, petitioner will argue on appeal that this Court erred because it should have treated his moving papers as a Rule 60(b) motion, and not an out-of-time appeal motion. Doc. # 20 at 2. He cites, *inter alia, Gonzalez v. Crosby*, 543 U.S. 1086 (2005). *Id.* But *Gonzalez* only speaks of granting Rule 60(b) relief where the district court procedurally erred in denying a prior *§ 2254* motion. *See Green v. Secretary for Dept. of Corrections*, 2006 WL 1867669 (11th Cir. 7/7/06) (unpublished). Here, the Court simply rejected petitioner's *time-extension* motion. *Gonzalez* and cases like it thus are inapposite.

Accordingly, the Court **DENIES** Darrell Williams's COA/IFP motions. Doc. ##

19, 20.

This _30_ day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA